

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Trustees for the Mason Tenders District Council Welfare
Fund, Pension Fund, Annuity Fund, and Training Program
Fund, *et al.*,

                Petitioners,

     –v–

Dhother Construction, Inc.,

                Respondent.

20-cv-05209 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Petitioners' unopposed petition to confirm an arbitration award against Respondent Dhother Construction, Inc. For the reasons that follow, the petition is GRANTED.

**I. BACKGROUND**

    **A. Facts**

    The following facts are drawn from Petitioners Rule 56.1 Statement. Dkt. No. 14. Petitioners are employee benefit Funds and their representatives. *Id.* ¶ 1. The Funds provide fringe benefits to eligible employees whose employers contribute to the Funds pursuant to collective bargaining agreements between employers and the Mason Tenders District Council of Greater New York (the "Union"). *Id.* Respondent Dhother Construction, Inc. is a construction contractor. *Id.* ¶ 5. Respondent was a party to the 2015-2018 New York City Agency Renovation and Rehabilitation Project Labor Agreement (the "PLA"), along with the Union. *Id.* Among other things, the PLA requires signatory employers to pay contributions to the Funds for

1

all employees covered at certain rates and to be bound by any modification to those rates during the term of the Agreement. *Id.* ¶ 8. The PLA also binds the employer to the terms of established Trust Agreements that specify the basis on which funds are to be paid and permit the trustees of the Funds to commence arbitration proceedings if an employer fails to meet its obligations under the agreements. *Id.* ¶¶ 9-12.

On May 31, 2019, the Funds served a notice and demand for arbitration on Respondent on the grounds that Respondent failed to pay required benefit contributions and other monies for its workers. *Id.* ¶ 15, 17. The arbitrator notified the parties that there would be a hearing on June 24, 2019. *Id.* ¶ 15. Respondent did not appear at the hearing, but the arbitrator nonetheless proceeded after noting that Respondent had received adequate notice. *Id.* ¶ 16. The Funds submitted evidence in support of their claims, including an auditor's report of Respondent's books and records, which identified that Respondent failed to pay $17,705.28 in fringe benefits, $1,292.69 in dues and PAC contributions, $968.82 in current interest on unpaid contributions, $1,458.06 in interest on late contributions made and $1,652.49 in audit costs. *Id.* ¶ 17. Based on this evidence, the arbitrator entered an award on July 11, 2019 for those amounts and, in addition, $1,937.64 in liquidated damages, $500.00 in legal fees and $1,300.00 in arbitration costs. *Id.* ¶ 18.

The Funds made demands for payment under the award to Respondent, but no payments have been received. *Id*. ¶ 19.

### B. Procedural History

On July 7, 2020, Petitioners filed a petition to confirm the arbitration award in this Court. Dkt. No. 1. They served Respondent a copy of the petition and summons on August 27, 2020.

Dkt. Nos. 8, 9.  Respondent has failed to appear.  With leave of Court, Petitioners filed a motion for summary judgment.  Dkt. Nos. 11, 12.

## II. DISCUSSION

Before the Court is Petitioners' motion for summary judgment on their petition to confirm the July 11, 2019 arbitration award.  For the reasons that follow, that motion is GRANTED.

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  A court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id*. (quoting 9 U.S.C. § 9).  An arbitrator's award is entitled to "significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013).  An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).  Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id*. (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

An unanswered motion to confirm an arbitration award should be treated "as an unopposed motion for summary judgment." *Id*. "In essence, 'the petition and the accompanying

record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The same standard applies to unopposed motions for summary judgment. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Even when the summary judgment motion is unopposed, the court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id*. (emphasis omitted) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

There are no genuine issues of material fact in the record and the Court concludes as a matter of law that Petitioners are entitled to a confirmation of the arbitration award. The undisputed evidence Petitioner submitted shows that the parties were subject to the PLA and Trust Agreements and that the arbitrator decided the award after considering the audit report concluding that Respondent had failed to make the various payments due under those agreements. Therefore, the "ground for the arbitrator's decision can be inferred from the facts of the case" and there is at the very least a "colorable justification" for the award in the record. *D.H. Blair & Co.*, 462 F.3d at 110. Under this highly deferential standard, the Court confirms the award.

### III.   CONCLUSION

For the reasons stated above, Petitioners' motion for summary judgment is GRANTED and the arbitration award is confirmed. This resolves Dkt. No. 12. The Clerk is respectfully directed to close this case.

SO ORDERED.

Dated: July 26, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge